Christopher L. Deininger (CLD-6049)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
*Local Counsel for Plaintiffs*

Marc E. Hankin (MEH-5983), (*pro hac vice* application pending)
HANKIN PATENT LAW,
A Professional Corporation
9034 Sunset Boulevard, Suite 200
West Hollywood, CA 90069
Cell: (310) 892-1613
Fax: (310) 274-8643
*Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

05 CV 10218

------------------------------------------------------X

CYNTHIA RODRIGUEZ and ELIZABETH
MARIE ANNE ZWIEBACH

                  Plaintiffs,

                  v.

HEIDI KLUM, HEIDI KLUM COMPANY,
LLC, MIRAMAX FILM CORP., MIRAMAX
FILM PARTNERS, INC., THE WEINSTEIN
COMPANY LLC, HARVEY WEINSTEIN,
ROBERT WEINSTEIN, THE WALT
DISNEY COMPANY, NBC UNIVERSAL,
INC., THE FULL PICTURE, LLC, DESIREE
GRUBER, JANE CHA, THE MAGICAL
ELVES INC., DAN CUTFORTH, JANE
LIPTSITZ, AND DOES 1 THROUGH 10.

                  Defendants.

------------------------------------------------------X

Civil Action

05 CV _____

**VERIFIED COMPLAINT
AND JURY DEMAND**

Plaintiffs, complaining of Defendants, through their undersigned counsel, hereby allege

upon information and belief as follows:

## THE PARTIES

1. Plaintiff CYNTHIA RODRIGUEZ ("RODRIGUEZ") is an individual residing in New York, New York. RODRIGUEZ has over twenty (20) years experience as a fashion designer, including a degree in fashion design from Texas Christian University and additional studies at the world-renowned Parsons School of Design.

2. Plaintiff ELIZABETH MARIE ANNE ZWIEBACH ("ZWIEBACH") is an individual residing in Weston, Connecticut. ZWIEBACH has over twenty (20) years of experience as a fashion buyer and merchandiser, including experience both on the wholesale-design side of the business and on the retail-buyer side of the business.

3. Defendant HEIDI KLUM is an individual whose address is not known to the Plaintiffs at this time. Defendant HEIDI KLUM is a model who is transacting and doing business in this judicial district subject to the personal jurisdiction of this Court.

4. Defendant HEIDI KLUM COMPANY, LLC is a Limited Liability Company organized and existing under the law of the State of New York, whose principal office and place of business is not known to the Plaintiffs at this time. Defendant HEIDI KLUM COMPANY, LLC is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

5. Defendant MIRAMAX FILM CORP. is a corporation organized and existing under the laws of the State of New York, having its principal office and place of business at 161 Avenue of the Americas, New York, New York 10013. Defendant MIRAMAX FILM CORP. is transacting and doing business in this judicial district and is subject

to the personal jurisdiction of this Court.

6. Defendant MIRAMAX FILM PARTNERS, INC. is a corporation organized and existing under the laws of the State of New York, having its principal office and place of business at 161 Avenue of the Americas, New York, New York 10013. Defendant MIRAMAX FILM PARTNERS, INC. is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

7. Upon information and belief, Defendants MIRAMAX FILM CORP. and MIRAMAX FILM PARTNERS, INC., have conducted business under the name "MIRAMAX TELEVISION" and/or have a division or affiliate conducting business under that name. For purposes of this pleading, those defendants as well as any and all such divisions and affiliated entities shall be referenced collectively as "Defendant MIRAMAX."

8. Defendant THE WEINSTEIN COMPANY LLC ("TWC") is a limited liability company organized and existing under the laws of the State of Delaware, having its principal office and place of business at 375 Greenwich Street, New York, New York 10013. Defendant TWC is registered with the New York State Department of State for purposes of doing business within the State of New York, and is transacting business in this judicial district and is subject to the personal jurisdiction of this Court. Defendant TWC is involved in the production of the second season of the television program which Plaintiffs claim to be based upon their intellectual property.

9. Upon information and belief, at times relevant hereto, Defendant HARVEY WEINSTEIN was an individual who is an officer, manager member, or other

managing agent of Defendant MIRAMAX. At other relevant times, Defendant HARVEY WEINSTEIN was an officer, managing member, or other managing agent of Defendant TWC. Defendant HARVEY WEINSTEIN is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

10. Upon information and belief, Defendant ROBERT WEINSTEIN is an individual who is an officer, manager member, or other managing agent of Defendant MIRAMAX. At other relevant times, Defendant ROBERT WEINSTEIN was an officer, managing member, or other managing agent of Defendant TWC. Defendant ROBERT WEINSTEIN is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

11. Defendant THE WALT DISNEY COMPANY is a corporation organized and existing under the laws of the State of California, having its principal office and place of business at 500 South Buena Vista St., Burbank, CA 91521. Defendant THE WALT DISNEY COMPANY is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

12. Defendant NBC UNIVERSAL, INC. is a corporation organized and existing under the laws of the State of Delaware, having its principal office and place of business at 30 Rockefeller Plaza, New York, New York, 90112. Defendant NBC UNIVERSAL, INC. is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

13. Defendant THE FULL PICTURE LLC ("TFP") is a limited liability company having

its principal office and place of business at 915 Broadway, 20th Floor, New York, New York 10010, and is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

14. Defendant DESIREE GRUBER is an individual who is an officer, manager member, or other managing agent of Defendant TFP and is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

15. Defendant JANE CHA is an individual who is an officer, manager member, or other managing agent of Defendant TFP and is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

16. Defendant THE MAGICAL ELVES INC. ("MAGICAL ELVES") is a corporation organized and existing under the laws of the State of Delaware, and having its principal office and place of business in Los Angeles, California. Defendant MAGICAL ELVES is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court. .

17. Defendant DAN CUTFORTH is an individual who is an officer, manager member, or other managing agent of Defendant MAGICAL ELVES and is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

18. Defendant JANE LIPTSITZ is an individual who is an officer, manager member, or other managing agent of Defendant MAGICAL ELVES and is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

19. Upon information and belief, defendants Does 1 through 5 are individuals who are officers, managing members, or other managing agents of one or more of the defendant organizations and are conscious dominant and active forces behind the wrongful acts of the defendant organizations complained of herein, which wrongful acts they have engaged in for the benefit of the defendant organizations and for their own individual gain and benefit. Defendants Does 1-5 are transacting and doing business in this judicial district subject to the personal jurisdiction of this Court.

20. Upon information and belief, defendants Does 6-10 are other movie companies, television companies, talent agencies, production companies, distribution companies, advertising companies, and related entities that provided services to the named defendants and, accordingly, are liable directly or indirectly for the harms alleged herein.

21. For purposes of this Verified Complaint, the above-described defendants may be referenced collectively as the "Defendants."

## JURISDICTION AND VENUE

22. Subject Matter Jurisdiction of this Court is based on the laws of the United States concerning actions relating to copyrights (*28 U. S. C. § 1331* and *§ 1338*. This action arises under the Federal Copyright Laws of the United States, including *28 U.S.C. §§ 2201 and 2202*, and *17 U.S.C. § 101 et seq.*, as set forth below.

23. Supplemental jurisdiction of any additional claims is based on *28 U.S.C. § 1367*, because such claims are so related to the federal claims that they form part of the

same case or controversy and derive from a common nucleus of operative facts. The Court also has jurisdiction over all claims herein of unfair competition pursuant to *28 U.S.C. § 1338(b)*.

24. Venue for this action is proper in this district, pursuant to the Judiciary and Judicial Procedure Laws of the United States, *28 U.S.C. §§ 1391* and *1400* in that the Defendants are doing business in this District.

## FACTS COMMON TO ALL CLAIMS

25. Plaintiffs RODRIGUEZ and ZWIEBACH work together in the fashion industry in New York City. Utilizing their combined forty (40) years of experience in that industry, RODRIGUEZ and ZWIEBACH developed and wrote a detailed, 40-page treatment for a reality television show they entitled "American Runway" (hereinafter "American Runway").

26. The Plaintiffs are the owner of United States Copyright Registration Number PAu-2-773-022 (the "Copyright") for American Runway which they registered on June 6, 2003.

27. American Runway was the product of months of research and development work by RODRIGUEZ and ZWIEBACH for a creative work of a reality television show based upon a fashion competition wherein fashion designers are pitted against one another for the opportunity to earn fame, money, and notoriety as winners of the design competition.

28. More than just a concept for a show, American Runway is a detailed work which

embodies the plot, characters, setting, and numerous other details that comprise the entire creative work embodied in the American Runway television show the Plaintiffs had envisioned.

29. American Runway also was registered with the Writer's Guild of America, East, on or about March 3, 2003.

30. Thus, the Plaintiffs made extensive efforts to protect and document their creative endeavors.

31. Following the registration of American Runway with the United States Copyright Office and the Writer's Guild of America, the RODRIGUEZ and ZWIEBACH approached Defendant HEIDI KLUM's agents, in or about July of 2003, to solicit interest in American Runway.

32. Based upon the interest Defendant KLUM's agents expressed in the concept Plaintiffs had developed for American Runway, RODRIGUEZ and ZWIEBACH provided them with a full copy of Plaintiffs' copyrighted, 40-page treatment of American Runway.

33. Defendant HEIDI KLUM is a noted international fashion model with numerous television, print, and runway credits to her name. Defendant KLUM is known not only for her achievements in modeling, but also for her celebrity, which draws significant public attention, her many accomplishments in the entertainment industry, and her connections to other celebrities.

34. One such connection is to Defendant HARVEY WEINSTEIN, who at the time was an officer of Defendant MIRAMAX. As an officer of one of the nations' major film

production companies, Defendant HARVEY WEINSTEIN is responsible for producing dozens of television, movie, and other entertainment productions every year.

35. One of the motivations for approaching Defendant KLUM with the treatment was her connection to many noted entertainment industry executives, such as Defendant HARVEY WEINSTEIN.

36. In or about November 2003, about three months after Plaintiffs' meetings with Defendant KLUM's agents and after Defendant KLUM had been provided with a full copy of Plaintiffs' copyrighted, 40-page treatment for American Runway, Defendants KLUM, HARVEY WEINSTEIN, ROBERT WEINSTEIN, MIRAMAX, MAGICAL ELVES, CUTFORTH, and LIPTSITZ, publicly announced, for the very first time, their intention to produce a television show that was strikingly similar to American Runway.

37. According to reports in the press, Defendants KLUM, HARVEY WEINSTEIN, ROBERT WEINSTEIN, MIRAMAX, MAGICAL ELVES, CUTFORTH, and LIPTSITZ, were producing a television show which became known as "Project Runway," and ultimately was produced and aired on television, with Defendant KLUM as the star of the show.

38. Plaintiffs RODRIGUEZ and ZWIEBACH were not made aware of the Project Runway by any of the Defendants, including KLUM, to whom they had provided their copyrighted treatment for American Runway several months earlier.

39. The first season of "Project Runway" was produced and distributed by the Defendants

acting in concert with one another.

40. "Project Runway," the slavish copy of RODRIGUEZ and ZWIEBACH's American Runway, subsequently aired on Defendant NBC UNIVERSAL, INC.'s "Bravo Network" for its first season from December 2004 through February 2005.

41. There are numerous striking similarities that exist between the Defendants "Project Runway" and the Plaintiffs' copyrighted treatment for American Runway which include, without limitation, similarities in: (1) the name of the series; (2) the objective of show contestants; (3) the location where the series is filmed; (4) the specific places where talent for the show are located; (5) the format and manner of interviews for show talent; (6) the types and number of judges; (7) the type of person used as the host for the show; (8) the number of finalists chosen to compete; the places where scenes of the show are to take place; (9) the activities to take place during the shows; (10) the format for the competition segment of the show; (11) the judging and elimination process for contestants; (12) the prizes and awards for successful contestants; and (13) innumerable other similarities which make Project Runway a slavish copy of the Plaintiffs' copyrighted material.

42. Trading upon the unauthorized use and exploitation of the creative works embodied in Plaintiffs' American Runway, the Defendants' Project Runway became the surprise commercial success of the season and even earned an Emmy Award nomination.

43. As a result of that success, the Defendants have produced another season of "Project Runway," which is scheduled to be aired on Defendant NBC UNIVERSAL's Bravo

Network starting December 7, 2005 at 10:00 p.m. Eastern and Pacific Time.

44. Throughout the course of and subsequent to the Defendants production of "Project Runway," they did not contact the Plaintiffs in order to seek a license or authorization for any purpose whatsoever, including for the acts described herein.

## **FIRST CLAIM FOR RELIEF**
**(Copyright Infringement 17 U.S.C. § 101, et seq.)**

45. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. American Runway is an original work, copyrightable under *17 U.S.C. § 102.* As lawful owner of the United States Copyright Registration Number PAu-2-773-022, Plaintiffs RODRIGUEZ and ZWIEBACH are entitled to, *inter alia*, "the exclusive rights to do and to authorize the copyrighted work." *17 U.S.C. § 106.*

47. Without Plaintiffs' authorization or consent, the Defendants copied, commercially exploited, and distributed creative works embodied in Plaintiffs' American Runway, and prepared unauthorized derivative works, through Defendants' production and airing of Project Runway.

48. The Defendants' unauthorized use, copying and dissemination of the Project Runway television series in interstate commerce constitute actual infringement of the Plaintiffs' copyright.

49. Upon information and belief, the Defendants' infringement is willful in nature.

50. The Defendants' intention to continue to produce and release further episodes of the series Project Runway constitutes a further threatened infringement of the Plaintiffs'

copyright.

51. By reason of the foregoing acts of copyright infringement and the likelihood of continued copyright infringement by Defendants, the Plaintiffs have sustained and, if not enjoined, will continue to sustain substantial damages.

52. Further, by reason of the Defendants' infringement and threatened future infringement, the Plaintiffs have sustained and, if the Defendants' acts are not enjoined, will continue to sustain irreparable harm for which no adequate remedy at law exists.

## SECOND CLAIM FOR RELIEF
(Misappropriation)

53. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. The Plaintiffs' original labor and expense in creating and developing the concept for American Runway was misappropriated by the Defendants for their own commercial advantage and in direct competition with the Plaintiffs.

55. Further, the Defendants threaten further misappropriation by the continued use of the Plaintiffs intellectual property.

56. The unauthorized use of Plaintiffs' intellectual property by the Defendants will allow it to take an unfair competitive advantage and will allow Defendants to take for their own benefit the effort expended by the Plaintiffs as the developers and owners of the intellectual property and any other attendant commercial rights.

57. By reason of the foregoing acts of misappropriation and threatened misappropriation

by the Defendants, the Plaintiffs have sustained and, if not enjoined, will continue to sustain substantial damages.

58. Further, by reason of the Defendants' misappropriation and threatened misappropriation, the Plaintiffs have sustained and, if the Defendants' acts are not enjoined, will continue to sustain irreparable harm for which no adequate remedy at law exists.

59. If the Defendants are not enjoined from their unlawful activity, the Plaintiffs and other screenwriters will be deterred from developing and creating such works and, thus, depriving the public the benefit of such works.

### THIRD CLAIM FOR RELIEF
(Unfair Competition)

60. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61. The Defendants' acts and their threatened acts, as described above, will constitute unfair competition in violation of applicable law.

62. Defendants are acting and will continue to act willfully and in bad faith and to compete unfairly with the Plaintiffs.

63. By reason of the Defendants' conduct, the Plaintiffs have sustained and, if not enjoined, will continue to sustain substantial damages.

64. By reason of the Defendants' conduct, the Plaintiffs have sustained and, if not enjoined, will continue to sustain irreparable harm for which no adequate remedy at law exists.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

65. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66. Through the commercial exploitation of the Plaintiffs' original, copyrighted works, the Defendants have enjoyed increased revenue, publicity, and notoriety.

67. Moreover, through the threatened, continued commercial exploitation of the Plaintiffs' original, copyrighted works, the Defendants will likely enjoy further revenue, publicity, and notoriety, if their activities are not enjoined.

68. By reason of the Defendants' conduct, the Plaintiffs have sustained and, if not enjoined, will continue to sustain substantial damages.

69. By reason of the Defendants' conduct, the Plaintiffs have sustained and, if not enjoined, will continue to sustain irreparable harm for which no adequate remedy at law exists.

**WHEREFORE,** Plaintiffs pray:

1. That Defendants, their officers, agents, servants, employees, and those in active concert or participation with them or any of them, be immediately and permanently enjoined and restrained from any further infringement of the American Runway treatment, as infringed in the Project Runway series, or any other series, in television or any other medium;

2. That Defendants be immediately and permanently enjoined from creating, issuing, distributing, or otherwise publishing any advertisements for Project Runway or any other series, on television or any other medium, which infringes the Plaintiffs' copyright;

3. That Defendants be immediately and permanently enjoined from creating, selling, or otherwise distributing any merchandise produced in connection with Project Runway or any other series, which infringes the Plaintiffs' copyright;

4. That Defendants be required to deliver up to Plaintiffs for destruction any and all goods in their possession or under their control, including but not limited to master video tapes, merchandise, clothing, advertisements, and other articles offered for sale and/or distribution that are infringing the Plaintiffs copyright;

5. That Defendants be directed to pay Plaintiffs damages, including without limitation statutory damages, compensatory damages, and/or punitive damages;

6. That Defendants be required to account to Plaintiffs for any and all profits derived by them through activities which directly or indirectly infringe the Plaintiffs' copyright, including but not limited to, all profits derived directly or indirectly from the show Project Runway;

7. That Defendants reimburse the costs and disbursements of this action;

8. That Defendants reimburse the costs of reasonable attorney's fees;

9. That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award; and

10. Such other and further relief s the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury upon all issues, to the fullest extent permitted under applicable law

Dated: New York, New York
December 5, 2005

By: _____
Christopher L. Deininger (CLD-6049)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York, 10017
*Local Counsel for Plaintiffs*

## VERIFICATION

We are the named Plaintiffs in the above-captioned action. We have read the foregoing Complaint, and know the contents thereof. The same is true of our own personal knowledge, except for those matters which have been stated herein on information and belief, and as to those matters, we believe them to be true.

We each declare under the penalties of perjury of the United States that the foregoing is true and correct.

Dated: December 2, 2005
New York, New York

_____
Cynthia Grace Rodriguez

_____
Elizabeth Marie Anne Zwiebach