Eric Lobenfeld (EL-4560)
Katherine M. Bolger (KB-6206)
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100

Attorneys for Defendants Heidi Klum Company, LLC,
Miramax Film Corp., The Weinstein Company LLC,
The Walt Disney Company and NBC Universal, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————X
CYNTHIA RODRIGUEZ and ELIZABETH
MARIE ANNE ZWIEBACH,

          Plaintiffs,

          v.

HEIDI KLUM, HEIDI KLUM COMPANY,
LLC, MIRAMAX FILM CORP., MIRAMAX
FILM PARTNERS, INC., THE WEINSTEIN
COMPANY LLC, HARVEY WEINSTEIN,
ROBERT WEINSTEIN, THE WALT DISNEY
COMPANY, NBC UNIVERSAL, INC., THE
FULL PICTURE, LLC, DESIREE GRUBER,
JANE CHA, THE MAGICAL ELVES INC.,
DAN CUTFORTH, JANE LIPTSITZ, AND
DOES 1 THROUGH 10

          Defendants,
———————————————————X

05 CIV 10218 (LAP)

**ANSWER OF
DEFENDANT HEIDI
KLUM COMPANY, LLC**

      Defendant Heidi Klum Company, LLC ("Klum Co."), by and through its attorneys, Hogan & Hartson L.L.P., as and for its answer to the verified complaint (the "Complaint") of Plaintiffs Cynthia Rodriguez ("Rodriguez") and Elizabeth Marie Anne Zwiebach (collectively, the "Plaintiffs") alleges as follows:

- 2 -

## FOR A RESPONSE TO THE PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Admits that Heidi Klum ("Klum") is an individual and a model transacting business in New York state and is subject to personal jurisdiction in this Court, and, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint.

4. Admits that Klum Co. is incorporated under the laws of the State of New York, avers that its principal place of business is in the State of New York, and is subject to personal jurisdiction in this Court, and, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to each and every remaining allegation contained in Paragraph 9 of the Complaint.

\\\NY - 22031/0008 - 930797 v1

- 3 -

10. Denies knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Admits that throughout the Complaint, Plaintiffs refer to all named defendants in

\\\NY - 22031/0008 - 930797 v1

this action as "Defendants" and, except as so admitted, denies each and every remaining allegation contained in Paragraph 21 of the Complaint.

### FOR A RESPONSE TO JURISDICTION AND VENUE

22. In response to Paragraph 22 of the Complaint, admits that Plaintiffs purport to allege a cause of action based on 28 U.S.C. §§ 1331 and 1338.

23. In response to Paragraph 23 of the Complaint, admits that Plaintiffs purport to allege that the claims additional to the copyright claim in this action form the same case and controversy and derive from a common nucleus of operative facts.

24. Admits that Klum Co. does business in this jurisdiction and that, as such, venue is proper in this jurisdiction as to Klum Co., and, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in Paragraph 24 of the Complaint.

### FOR A RESPONSE TO FACTS COMMON TO ALL CLAIMS

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the

\\\NY - 22031/0008 - 930797 v1

allegations contained in Paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Admits that Klum is a well-known international fashion model, and that she has numerous credits, including for appearances on television programs, in print media, in fashion shows and in other media, and except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Denies each and every allegation contained in Paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Admits that Klum Co. did not notify Plaintiffs that "Project Runway" was in production, avers that Klum Co. had no obligation or duty to alert Plaintiffs that "Project Runway" was in production and, except as so admitted, denies each and every remaining allegation contained in Paragraph 38 of the Complaint.

39. Admits that Miramax produced and distributed "Project Runway" and that H. Weinstein, R. Weinstein, Klum, Dan Cutforth, Jane Lipsitz, Desiree Gruber and Jane Cha are credited as producers of "Project Runway" and, except as so admitted, denies the remaining

allegations contained in Paragraph 39 of the Complaint.

40. Denies each and every allegation contained in Paragraph 40 of the Complaint.

41. Denies each and every allegation contained in Paragraph 41 of the Complaint.

42. Denies each and every allegation contained in Paragraph 42 of the Complaint.

43. Admits that the second season of "Project Runway" debuted on the Bravo channel on December 7, 2005 at 10:00 p.m. and, except as so admitted, denies each and every remaining allegation contained in Paragraph 43 of the Complaint.

44. Admits that Klum Co. never contacted Plaintiffs to secure any kind of license or authorization for any purpose, avers that Klum Co. had no obligation to do so and, except as so admitted, denies each and every remaining allegation contained in Paragraph 44 of the Complaint.

## FOR A RESPONSE TO THE FIRST CLAIM FOR RELIEF
### (Copyright Infringement 17 U.S.C. § 101, et seq.)

45. Repeats and realleges its responses to paragraphs 1 through 44 of the Complaint as if made in response to paragraph 45 of the Complaint.

46. Denies each and every allegation contained in Paragraph 46 of the Complaint.

47. Denies each and every allegation contained in Paragraph 47 of the Complaint.

48. Denies each and every allegation contained in Paragraph 48 of the Complaint.

49. Denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Denies each and every allegation contained in Paragraph 51 of the Complaint.

52. Denies each and every allegation contained in Paragraph 52 of the Complaint.

## FOR A RESPONSE TO THE SECOND CLAIM FOR RELIEF
### (Misappropriation)

53. Repeats and realleges its responses to paragraphs 1 through 52 of the Complaint

as if made in response to paragraph 53 of the Complaint.

54. Denies each and every allegation contained in Paragraph 54 of the Complaint.

55. Denies each and every allegation contained in Paragraph 55 of the Complaint.

56. Denies each and every allegation contained in Paragraph 56 of the Complaint.

57. Denies each and every allegation contained in Paragraph 57 of the Complaint.

58. Denies each and every allegation contained in Paragraph 58 of the Complaint.

59. Denies each and every allegation contained in Paragraph 59 of the Complaint.

### FOR A RESPONSE TO THE THIRD CLAIM FOR RELIEF
#### (Unfair Competition)

60. Repeats and realleges its responses to paragraphs 1 through 59 of the Complaint as if made in response to paragraph 60 of the Complaint.

61. Denies each and every allegation contained in Paragraph 61 of the Complaint.

62. Denies each and every allegation contained in Paragraph 62 of the Complaint.

63. Denies each and every allegation contained in Paragraph 63 of the Complaint.

64. Denies each and every allegation contained in Paragraph 64 of the Complaint.

### FOR A RESPONSE TO THE THIRD CLAIM FOR RELIEF
#### (Unjust Enrichment)

65. Repeats and realleges its responses to paragraphs 1 through 64 of the Complaint as if made in response to paragraph 65 of the Complaint.

66. Denies each and every allegation contained in Paragraph 66 of the Complaint.

67. Denies each and every allegation contained in Paragraph 67 of the Complaint.

68. Denies each and every allegation contained in Paragraph 68 of the Complaint.

69. Denies each and every allegation contained in Paragraph 69 of the Complaint.

70. Denies each and every allegation contained in the Complaint not heretofore expressly admitted.

## AFFIRMATIVE DEFENSES
### FOR A FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

71. The Complaint fails to state a cause of action upon which relief can be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE
(Independent Creation)

72. If independent creation is deemed to be an affirmative defense, Klum Co. hereby alleges that "Project Runway" was independently created.

### FOR A THIRD AFFIRMATIVE DEFENSE
(Lack of Substantial Similarity)

73. "Project Runway" is not substantially similar to "American Runway".

### FOR A FOURTH AFFIRMATIVE DEFENSE
(Lack of Access)

74. Klum Co. did not have access to the work "American Runway" prior to the production and distribution of "Project Runway".

### FOR A FIFTH AFFIRMATIVE DEFENSE
(Federal Preemption)

75. Plaintiffs' non-federal claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Art. VI, § 2, because as provided for in 17 U.S.C. § 301, those claims are "governed exclusively" by 17 U.S.C. § 101, et seq., and "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any States." 17 U.S.C. § 301(a).

### FOR A SIXTH AFFIRMATIVE DEFENSE
(Laches)

76. Plaintiffs are barred from seeking injunctive relief by the doctrine of laches.

### FOR AN SEVENTH AFFIRMATIVE DEFENSE
(Equitable Estoppel)

77. Plaintiffs are equitably estopped from bringing the claims stated in the Complaint.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE
### (Rule 11)

78. Plaintiffs' claims are frivolous within the meaning of Rule 11 of the Federal Rules of Civil Procedure.

## FOR A NINTH AFFIRMATIVE DEFENSE
### (Failure to mitigate)

79. Plaintiffs' claims, or recovery thereon, are barred, in whole or in part, because and/or to the extent that they failed to mitigate their alleged damages.

## FOR A TENTH AFFIRMATIVE DEFENSE
### (Fair Use)

80. Plaintiffs' claim for copyright infringement is barred in whole or part by the doctrine of fair use, to the extent any such use occurred (which Klum Co. denies and assumes only for the sake of asserting this defense).

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### (Scenes-a-faire, facts, ideas)

81. Plaintiffs' claim of substantial similarity between the works is at a level that compares only facts, ideas and scenes-a-faire that are not protectable by copyright.

## FOR A TWELFTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

82. Klum Co. reserves the right to assert and rely upon other defenses that become available or appear during the course of this action.

WHEREFORE, Heidi Klum Company, LLC demands judgment in its favor:

(a) dismissing the Complaint against it with prejudice;

(b) awarding Heidi Klum Company, LLC its costs of suit, including attorneys' fees; and

(c) granting Heidi Klum Company, LLC such other and further relief as this Court deems just and proper.

Dated: March 15, 2006

Respectfully submitted,

HOGAN & HARTSON L.L.P.

By: _____
Eric Lobenfeld (EL-4560)
Katherine M. Bolger (KB 6206)
875 Third Avenue
New York, New York 10022
(212)918-3000

Attorneys for Defendants Heidi Klum Company, LLC, Miramax Film Corp., The Weinstein Company LLC, The Walt Disney Company and NBC Universal, Inc.